UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PENELOPE SEWALD,

    Petitioner,

vs.                                           Case No. 8:08-cv-2313-T-27TBM

JOHN REISINGER,

    Respondent.
_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Renewed Motion for Attorney Fees and Costs (Dkt. 35), which Respondent opposes (Dkt. 37). A hearing was held on the motion (Dkt. 54), after which the parties submitted supplemental affidavits and memoranda in support of their respective positions (Dkts. 55, 56, 57, 58, 59, 60). Upon consideration, the motion is **GRANTED** *in part* and **DENIED** *in part*. While Petitioner's entitlement to fees and expenses was established in 2009, many of the requested fees and expenses will be denied, because they are not authorized by the relevant statute or Respondent has shown that the passage of time has prejudiced him.

I.   BACKGROUND

In this international child abduction case brought pursuant to the Hague Convention, Petitioner/Mother Penelope Sewald prevailed on the merits against Respondent/Father John Reisinger, securing release of her son's passport and the return of her son to Germany. (Dkts. 9, 14). Sewald timely moved for attorneys' fees and costs of $14,000, as well as her living expenses of $17,548.16 "incident to these proceedings." (Dkt. 19). Reisinger did not respond to that motion. On

1

April 30, 2009, Petitioner's motion was granted "as to Petitioner's entitlement to an award of attorneys' fees and costs." Ruling was deferred on the amount due pending resolution of the appeal. (Dkt. 27). The Eleventh Circuit affirmed the decision in favor of Sewald on April 15, 2010. (Dkt. 29).

*Six* years after the order establishing Petitioner's entitlement to fees and costs, and *five* years after the Eleventh Circuit's affirmance on the merits, Sewald moved to substitute David Hurvitz as counsel for Donald A. Foster, who litigated the case in 2008-2009. (Dkts. 32, 33). That motion was granted. (Dkt. 34). Sewald, through Hurvitz, moved to renew the motion for attorneys' fees, costs, and living expenses. (Dkt. 35). Reisinger responded in opposition. Based on the delay in renewing the motion, Respondent argues that he and his counsel no longer possess documentation to oppose the motion, particularly with regard to Petitioner's claimed living expenses. (Dkt. 37). The matter was set for hearing on June 18, 2015. (Dkt. 39). At the hearing, the parties were ordered to submit affidavits and memoranda regarding the fees and costs incurred, which they have. (Dkts. 55, 56, 57, 58, 59, 60).

Reisinger makes two arguments against Sewald's attempt to renew the motion for fees, costs, and expenses. First, Reisinger argues that Sewald's extreme delay in renewing the motion is in itself sufficient reason to deny or reduce the award. Second, Reisinger disputes many of the amounts claimed for fees, costs, and expenses, based on (1) the delay in renewing the motion and resulting prejudice and (2) the lack of statutory authorization for certain fees, costs, and expenses claimed.

## II.  DELAY IN RENEWING MOTION

Reisinger argues that the six-year delay in renewing the motion justifies denial or reduction of the fees and expenses. In the analogous situation of when a prevailing party has a statutory right

to attorneys' fees but fails to seek them within a reasonable time, however, courts have rejected the argument that a lengthy delay alone justifies a denial or reduction of fees, and have required that the party opposing fees show it has been "unfairly . . . prejudice[d]" by the passage of time. *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 454 (1982).[1] *See Baird v. Bellotti*, 724 F.2d 1032, 1033, 1034-36 (1st Cir. 1984) (even when delays in seeking fees were "plainly unreasonable," fees would be denied only if affected party can show "actual prejudice"). In *Baird*, although the First Circuit reasoned that a delay of thirty months "comes close to a delay so long that courts might infer prejudice simply from its length, without more," it upheld the denial of fees on the basis of the delay *and* the fact that the district court had identified "actual prejudice" to the non-moving party based on memory loss, change in counsel, and intervening changes in the law. *Id.*

Other courts have interpreted *White* and *Baird* as requiring a showing of prejudice to deny a long-delayed fee motion. *See Gross v. City of Cleveland Heights*, 53 F.3d 331 (6th Cir. 1995) (unpublished table decision) (affirming grant of attorneys' fees even though petition was filed 30 months after the district court's judgment, because "[e]ven a 'plainly unreasonable' delay does not prove laches; 'prejudice remains a significant factor.'") (quoting *Baird*, 724 F.2d at 1034); *Walker v. Coughlin*, 909 F. Supp. 872, 875-76 (W.D.N.Y. 1995) (granting fee petition despite four year delay in seeking fees because defendants did not "actually suffer[] any prejudice because of [the delay]."); *James v. Nashua School Dist.*, 720 F. Supp. 1053, 1060-61 (D.N.H. 1989) (delay in

---

[1] In *White* and *Baird*, there was no issue as to the timeliness of the motion, as the district courts had not adopted local rules setting deadlines for seeking attorneys' fees. While Sewald complied with Local Rule 4.18, which requires all claims for fees and costs to be submitted within 14 days following entry of judgment, the extreme delay in renewing her motion is similar to the delay in moving for fees by the prevailing parties in *White* and *Baird*.

seeking fees of over two years "patently untimely," but granting fee petition because delay did not "result in prejudice" to non-moving party) (quotation omitted).

Although not directly invoked by Reisinger, the doctrine of laches, which provides a defense to late-filed claims not subject to a statute of limitations, also requires the party to demonstrate "prejudice[, which] requires more than simply negligence or delay." *Cruz v. Hauck*, 762 F.2d 1230, 1238 (5th Cir. 1985) (quoting *Matter of Bohart*, 743 F.2d 313, 326 (5th Cir. 1984)). A party seeking laches "must show a delay which has subjected him to a disadvantage in asserting and establishing his claimed right or defense, or other damage caused by his detrimental reliance on his adversary's conduct." *Law v. Royal Palm Beach Colony, Inc.*, 578 F.2d 98, 101 (5th Cir. 1978).[2]

Accordingly, even though the delay in renewing the motion was "plainly unreasonable," and arguably could, in itself, warrant denial or reduction in the requested fee, I find that Reisinger must nonetheless show that he was prejudiced by the delay.[3] *Baird*, 724 F.2d at 1033-36; *Law*, 578 F.2d at 101.

### III. REASONABLENESS OF ATTORNEYS' FEES AND OTHER EXPENSES

Sewald claims attorneys' fees, costs, and other expenses pursuant to 22 U.S.C. § 9007(b)(3) (formerly codified at 42 U.S.C. § 11607), which provides:

> Any court ordering the return of a child pursuant to [the Hague Convention] *shall* order the respondent to pay necessary expenses

---

[2] Opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

[3] Respondent cites to a number of Eighth Circuit cases regarding a plaintiff's failure to prosecute, usually based on intentional violations of court orders. These cases are inapposite to this situation, however, where Petitioner's entitlement to fees and expenses has been established through a timely motion. *See Givens v. A.H. Robins Co.*, 751 F.2d 261 (8th Cir. 1984); *Sterling v. United States*, 985 F. 2d 411 (8th Cir. 1993); *Rodgers v. Curators of Univ. of Mo.*, 135 F.3d 1216 (8th Cir. 1998), *DiMercurio v. Malcom*, 716 F.3d 1138 (8th Cir. 2013); *Bergstrom v. Frascone*, 744 F.3d 571 (8th Cir. 2014).

>incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate. 22 U.S.C. § 9007(b)(3) (emphasis added).

The petitioner bears the burden to show that expenses are "necessary," and if the petitioner satisfies that burden, the burden shifts to the respondent to establish that the expenses are "clearly inappropriate." *Salazar v. Maimon*, 750 F.3d 514, 522 (5th Cir. 2014).

### A. Attorneys' Fees and Costs

Sewald's attorney during the course of the Hague Convention proceeding, Donald A. Foster, avers that he spent 49.8 hours representing Sewald. His paralegal billed an additional 17.5 hours. (Dkt. 56 ¶ 2).[4] Foster's rate is $250 per hour and the paralegal's rate is $80 per hour, for a total of $13,850. (*Id.* ¶¶ 1-2).[5] Foster further avers that he incurred costs of $1,044.43 in the course of his representation, for a total of $14,894.43. (*Id.*)[6]

Reisinger challenges Foster's affidavit on two grounds. First, Reisinger argues that the delay in renewing the motion warrants denial of attorneys' fees. This argument fails because Reisinger has not demonstrated any prejudice based on the delay in renewing the motion as to attorneys' fees. *See Baird*, 724 F.2d at 1033 (requiring more than a "plainly unreasonable" delay to deny motion for fees). Second, Reisinger contends that many of the specific fee entries should be denied, because

---

[4] To the extent Sewald claims attorneys' fees for her second attorney, David Hurvitz, the request is denied, as they were not incurred "during the course of [the Hague Convention] proceedings." 22 U.S.C. §9007(b)(3).

[5] Reisinger does not challenge the rates charged, which are reasonable. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1302-03 (11th Cir. 1988).

[6] As Reisinger notes, this is less than the $16,160 averred in the affidavit filed before the hearing, but more than the $14,000 initially requested. (*See* Dkts. 19, 53 ¶ 2.)

5

they were incurred in the state marriage dissolution proceeding between the parties and the Eleventh Circuit appeal of this Court's decision.

Foster's April 7, 2010 statement is based entirely on the Eleventh Circuit appeal. Those fees, $7,859.06, will be denied. (Dkt. 56-2; Dkt. 54; *see* Dkt. 27). *See* 11th Cir. R. 39-2 (application for attorneys' fees for Eleventh Circuit proceedings must be filed in the Eleventh Circuit). The February 2, 2009 statement of $7,436.54 includes entries for both the Hague Convention proceeding and the state court dissolution proceeding. (Dkt. 56-1).[7]

The fees based on the following entries will be denied because they appear to have been incurred in the state court proceeding and were not "necessary" for the Hague action:

> 11/19/2008 telephone conference with Kathy Moffit ($121.67 (two entries)); 12/16/2008 review orders granting extension of time and hearing of October 8, 2008 ($100 (three entries)); 1/22/2009 filing order from this court in state court ($41 (two entries)); 1/23/2009 review answer and letter re case management conference in state court ($58 (three entries)). (*Id.*)

As Reisinger argues, the 11/13/2008 entries for "letter regarding visitation" (totaling $165) will be reduced by half because they were incurred for both the Hague Convention and state court proceedings. (*Id.*) Reisinger's remaining challenges to the fee entries are rejected.

Reisinger also takes issue with the costs claimed, arguing that only the filing fee of $350 is related to the Hague Convention proceeding and the other costs of $929.37 should be denied. (*Id.*) This argument is well taken, as Sewald has not shown how the costs, with the exception of the filing

---

[7] Reisinger argues that Foster's fee in preparing for and attending the hearing held before Judge McCoun should be reduced. That time and rate are reasonable, however, and will not be reduced. Reisinger does not challenge the other hours spent by Sewald's counsel (except on the grounds of timeliness). They are reasonable. *See Norman*, 836 F.2d at 1302-03.

fee, were incurred during "the course of proceedings in [this] action." 22 U.S.C. § 9007(b)(3). Accordingly, Sewald is entitled to an award of $6,104 in attorneys' fees and costs.[8]

### B.   Other Necessary Expenses

In addition to her attorneys' fees and costs, Sewald seeks reimbursement of "necessary expenses" incurred during the Hague Convention proceedings, including airfare of $1,287, hotel and car expenses of $7,909.70, translation services of $3,204.50, mail, document production, internet, and telephone charges of $850.94. (Dkt. 55 ¶¶ 2-3 & Dkt. 55-1). Reisinger challenges all of these expenses on various grounds.

The statute provides for reimbursement of "transportation costs related to the return of the child." 22 U.S.C. § 9007(b)(3); *see Seaman v. Peterson*, 762 F. Supp. 2d 1363, 1382 (M.D. Ga. 2011), *aff'd*, 766 F.3d 1252 (11th Cir. 2014). However, Sewald has not shown that her claimed airfare expenses were incurred during this action. Three entries in her spreadsheet are categorized as airfare. However, the NWA Air entry for September 5, 2008 is before the filing of this proceeding. And the "Flight" entry for May 27, 2015, is well after Sewald and her child returned to Germany. (*See* Dkt. 55-1). The $50 for "USAirways" on January 26, 2009 appears to be appropriate. (*Id.*). However, Reisinger avers that Sewald possessed return tickets which could have been modified, and his records of those tickets were lost during the six-year period between the court proceedings and the renewal of Petitioner's motion. (Dkt. 58 ¶¶ 5, 8-11, 37). Accordingly, Reisinger has demonstrated that he is prejudiced by the delay in Petitioner renewing her motion with regard to the claimed airfare expenses. Those expenses will therefore be denied. *See White*, 455 U.S. at 454

---

[8] This figure is based on the $7,436.54 figure from the February 2, 2009 invoice less the specific items which were rejected above, plus the federal filing fee.

(unfair surprise or prejudice sufficient basis to deny fees to which prevailing party is otherwise entitled).

The claimed hotel and car expenses appear to be for Sewald's hotel and rental car while she was in Tampa for the Hague Convention proceeding. (Dkt. 55-1). *See Antunez-Fernandes v. Connors-Fernandes*, 259 F. Supp. 2d 800, 816 (N.D. Iowa 2003) (granting expenses of car rental and hotel in Hague Convention case); *Lebiedzinski v. Crane*, No. A03-0248 CV(JKS), 2005 WL 906368, at *4 (D. Alaska Apr. 13, 2005) (same). However, Reisinger avers that Sewald was staying at her parents' home in Tampa before she moved into the hotel, and Sewald has provided no evidence that it was "necessary" for her to stay at the hotel rather than at her parents' home.[9] (Dkt. 58 ¶¶ 3, 28). Reisinger also avers that Sewald had a car available to her which Sewald unilaterally refused to use, despite the fact it was titled in both Reisinger and Sewald's names. (*Id.* ¶ 4). Based on Reisinger's averments and Sewald's failure to show that the hotel and rental car were "necessary expenses," the hotel and rental car expenses will be denied. *See* 22 U.S.C. § 9007(b)(3).

Reisinger also challenges the translation services of $3,204.50. Sewald does not adequately show that translation services were necessary for materials used in this case, with the exception of invoices #991 ($462.50) and #1003 ($654), translations of documents that were attached to the original petition. (Dkt. 1-2; Dkt. 55-2 at pp. 3, 8). The remaining translation costs will be denied because Sewald fails to show they were necessary for use in the Hague Convention proceeding. *See Wasniewski v. Grzelak-Johannsen*, 549 F. Supp. 2d 965, 979 (N.D. Ohio 2008) (denying request for

---

[9] Reisinger also avers that Sewald was welcome to stay at his residence in Hunter's Green, Tampa. Notwithstanding, it was understandable that Sewald would leave that residence while the Hague Convention proceedings were being conducted, and in any event, does not mitigate against her claim..

translation services in Hague Convention case because of petitioner's failure to provide "supporting documentation.").

Finally, Sewald's request for "[m]ail costs, document production costs, internet and phone expenses" of $850.94 will be denied, because she has failed to demonstrate that these expenses were "necessary" for the Hague Convention proceeding. (Dkt. 55 ¶ 2). *See Aldinger v. Segler*, 338 F. Supp. 2d 296, 298 (D.P.R. 2004), *aff'd*, 157 Fed. App'x 317 (1st Cir. 2005) (denying telephone costs not shown to be incurred during Hague Convention case).

## IV. CONCLUSION

Accordingly, Petitioner's Renewed Motion for Attorney Fees and Costs (Dkt. 35) is **GRANTED *in part*** and **DENIED *in part***.

Petitioner is awarded $6,104 in attorneys' fees and costs and $1,116.50 in necessary expenses pursuant to 22 U.S.C. § 9007(b)(3). The Clerk is directed to enter judgment in this amount in favor of Petitioner and against Respondent. The file shall remain closed.

**DONE AND ORDERED** this 9th day of November, 2015.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record